# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BULKLEY & ASSOCIATES, LLC <br><br> v. <br><br> OCCUPATIONAL SAFETY AND HEALTH APPEALS BOARD OF THE STATE OF CALIFORNIA ET AL. | Civil Action No. 4:18-cv-642 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Amended Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #12). Plaintiff, in turn, argues that a California statute waives personal jurisdiction over the California public entities it has sued in Texas—a novel argument courts have yet to address. After careful consideration, the motion will be granted.[1]

## BACKGROUND

Plaintiff Bulkley & Associates, LLC is a Texas limited liability company that transports refrigerated goods. This can require travelling across state lines. At some point, a Bulkley delivery driver fell out of the back of his truck while driving through Salinas, California. This incident prompted the State of California Department of Industrial Relations, Division of Occupational Safety and Health (the "Division") to issue three citations against Bulkley for "(a) fail[ing] to timely report the injury to [the appropriate California agency]; (b) fail[ing] to develop and implement an 'Injury and Illness Prevention Program;' and (c) fail[ing] to require what California

---

[1] The Court also has serious doubts over whether it has subject matter jurisdiction over this case, as Bulkley notes to in its briefs on this motion. But, because subject matter jurisdiction has not been fully briefed, the Court addresses only the pending challenge to its personal jurisdiction. *See Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)) ("The Supreme Court has expressly approved of addressing personal jurisdiction before subject-matter jurisdiction.").

believes is appropriate foot protection for drivers working at customer locations and climbing in and out of refrigerated trailers" (Dkt. #9 at p. 5).

Bulkley appealed the citations to the Occupational Safety and Health Appeals Board of the State of California (the "Appeals Board"). Bulkley argued that the Agency "lacked jurisdiction over Bulkley, both as a matter of California statutory law and federal constitutional law," since Bulkley "is not an employer of the State of California, is engaged in interstate commerce, and does not have a place of business in the State of California" (Dkt. #9 at p. 7). But the Appeals Board disagreed and "refused to set these citations aside" (Dkt. #9 at p. 8).

Bulkley subsequently filed a writ of mandamus in the District Court of Hopkins County, Texas 62nd Judicial District (the "Hopkins County District Court") seeking to overturn the Appeals Board decision. The Division and the Agency (collectively, the "California Public Entities") subsequently removed the case to this Court, and now move to dismiss the case for lack of personal jurisdiction. They note that this lawsuit concerns public agencies in California issuing citations for the violation of California law after a Bulkley delivery driver was injured on the job while in California.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction" if a court rules on

a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

**DISCUSSION**

The Parties dispute whether personal jurisdiction exists over this case either based on the California Public Entities' minimum contacts with Texas or pursuant to California Labor Code § 6627, which directs those challenging an Appeals Board decision to file a writ of mandate in "the superior court of the county in which he resides." CAL. LABOR CODE § 6627.

**I.    The California Statute**

Bulkley insists that this Court has personal jurisdiction over the California Public Entities pursuant to California Labor Code § 6627—irrespective of whether minimum contacts exists. *See Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 834 (5th Cir. 1986) (explaining that "parties can waive lack of personal jurisdiction"). Section 6627 allows:

3

> Any person affected by an order or decision of the appeals board [to] . . . apply to the superior court of the county in which he resides, for a writ of mandate, for the purpose of inquiring into and determining the lawfulness of the original order or decision.

CAL. LABOR CODE § 6627. According to Bulkley, this means that this Court can exercise jurisdiction over the California Public Entities since Bulkley resides in Hopkins County, Texas, which is a part of the Eastern District of Texas.

The Court has been unable to locate cases finding that a state entity has waived personal jurisdiction by statute. But courts have held that, to the extent a statute intends to waive a public entity's sovereign immunity—another jurisdictional requirement—the waiver must be explicit and cannot be inferred.[2] *See Commercial Union Ins. Co. v. United States*, 928 F.2d 176, 180 (5th Cir. 1991) (citations omitted) ("Waivers of sovereign immunity must be unequivocally expressed. They must be specific and explicit and cannot be implied by construction of an ambiguous statute."). Applying the standard used in sovereign immunity waivers is especially appropriate here in light of Bulkley's interpretation of Section 6627—which would allow it to file a writ of mandate challenging a California Appeal Board decision in any court in Texas, including its state courts. After all, the United States Supreme Court has found that sovereign immunity protects one state from being sued in another state's courts. *See Franchise Tax Bd. of State of Cal. v. Hyatt*, 139 S. Ct. 1485, 1492 (2019) (referencing *Nevada v. Hall*, 440 U.S. 410 (1979)) ("We therefore overrule *Hall* and hold that States retain their sovereign immunity from private suits brought in the courts of other States."). This means that, if this case was still in the Hopkins County District

---

[2] Applying the standard used in sovereign immunity waivers is especially appropriate in light of Bulkley's interpretation of Section 6627—which would allow Bulkley to file a writ of mandate challenging a California Appeal Board decision in any court in Texas, including its state courts. After all, the United States Supreme Court recently found that sovereign immunity protects states from being sued in another state's courts. *See Franchise Tax Bd. of State of Cal. v. Hyatt*, 139 S. Ct. 1485, 1492 (2019) (referencing *Nevada v. Hall*, 440 U.S. 410 (1979)) ("We therefore overrule *Hall* and hold that States retain their sovereign immunity from private suits brought in the courts of other States."). This means that, if this case was still in state court, Bulkley could keep this suit there only if he established that Section 6627 waived California's sovereign immunity and its right to challenge personal jurisdiction.

Court, Bulkley could keep this suit there only if he established that Section 6627 waived the California Public Entities' right to challenge personal jurisdiction *and* its sovereign immunity to such suits.

Nothing in Section 6627 indicates that California public entities are waiving personal jurisdiction in either this Court or its Texas state court equivalent. To the contrary, California courts have interpreted statutes that designate where a case is filed to be venue statutes—not as ones that vest those courts with jurisdiction. *See Newman v. Sonoma Cty.*, 364 P.2d 850, 850 (1961) ("Except in a few cases in which the Constitution makes the place of trial jurisdictional (see art. VI, § 5) or a statute makes a local place of trial part of the grant of subject matter jurisdiction, venue is not jurisdictional.").[3]

Section 6627 would not provide either this Court or the Hopkins County District Court personal jurisdiction over Bulkley's writ of mandate even if that statute did confer jurisdiction on the courts it references. This is evident from the text of the statute. Section 6627 allows writs of mandates to be filed against California Public Entities only in "the *superior court* of the county in which [an interested party] resides." CAL. LABOR CODE § 6627 (emphasis added). Bulkley interprets this to mean that writs of mandate challenging decisions from the Agency can be brought in any trial court where it resides. But in several states, including Texas, lower courts are not referred to as superior courts. Nor are federal district courts. As a result, if Section 6627 was meant to apply to all lower courts—rather than California's superior courts—the California legislature would have said so. After all, the California legislature uses the phrase "superior court"

---

[3] *See also Nat'l Kinney v. Workers' Comp. Appeals Bd.*, 169 Cal. Rptr. 801, 801 (Civ. App. 2015) (citing *Argonaut Ins. Co. v. Workmen's Comp. App. Bd.*, 55 Cal. Rptr. 810, 810 (Civ. App. 1967)) (interpreting an analogous California Labor Code requirement that writs of mandate be filed in an appellate court where the petitioner resides to be a venue statute, not one establishing jurisdiction); *accord New York Knickerbockers v. Workers' Comp. Appeals Bd.*, 193 Cal. Rptr. 3d 287, 292 (Civ. App. 2015).

5

in several other provisions that plainly apply only to California's lower courts—such as California's general venue statute, CAL. CIV. P. § 395, a procedural statute that cannot apply in federal courts. *See Thoroughbred Ventures, LLC v. Disman*, No. 4:18-cv-318, 2018 WL 3472717, at *2 (E.D. Tex. July 19, 2018) (citing *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 417 (1996) (explaining that, under the Erie doctrine, "federal courts apply state common law but federal procedural rules"). Tellingly, Bulkley has not cited a single case in which a writ of mandate has been filed under Section 6627 outside of California's superior courts. Nor has the Court been able to find one.

Section 6627's exclusive applicability to California's superior courts is also evident from the statute's legislative history. The California Supreme Court made writs of mandate available to review California administrative decisions in the first place because the California Constitution charges California courts with the sacred role of checking the power of the state's *other* branches of government. *See Bisby v. Pierno*, 481 P.2d 242, 242 (Cal. 1971) (emphasis added).[4] It follows that Section 6627's directive that parties are to file writs of mandate in the "superior court" where they reside must refer only to *California* superior courts. CAL. LABOR CODE § 6627. Bulkley's reading of Section 6627 would allow the California legislature to strip the California judiciary of the role it plays in checking California's other branches of government—potentially in violation of the California Constitution. *See Skilling v. United States*, 561 U.S. 358, 406 (2010) (quoting *Hooper v. California*, 155 U.S. 648, 657 (1895)) ("'The elementary rule is that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality.'") (emphasis removed).

---

[4] The California Supreme Court's determination that administrative decisions are reviewable by California courts through a writ of mandamus is also codified at California Code of Civil Procedure § 1094.5.

6

Bulkley argues that Section 6627 *must* waive the California Entities' personal jurisdiction to suit in this Court or the Hopkins County District Court where the case originated—the courts in the county where Bulkley resides. It reasons that, if these courts lack personal jurisdiction over the California Public Entities, Bulkley would not be able to file a writ of mandate in any court. The case law suggests otherwise. California courts have found provisions directing writs of mandate to be filed in a court where a party resides to be "directory requirement[s] rather than mandatory" ones. *See, e.g., Nat'l Kinney v. Workers' Comp. Appeals Bd.*, 169 Cal. Rptr. 801, 801 (Civ. App. 1980); *see also In re Nowak*, 104 Ohio St.3d 466 (Ohio 2004) (quoting *Directory Requirement*, BLACK'S LAW DICTIONARY (8th Ed. 2004)) (explaining that Black's Law Dictionary defines a 'directory requirement' as '[a] statutory . . . instruction to act in a way that is advisable, but not absolutely essential—in contrast to a mandatory requirement"). These courts reason that, as stated, Section 6627's directives are not jurisdictional requirements that would deprive *any* superior court in California of the jurisdiction needed to hear the case on the merits—not unlike other "requirements" that courts can waive, such as those that require that service is performed in a particular way. *See Nat'l Kinney*, 169 Cal. Rptr. at 801; *New York Knickerbockers v. Workers' Comp. Appeals Bd.*, 193 Cal. Rptr. 3d 287, 292 (Civ. App. 2015); *In re Lisa E.* 232 Cal. Rptr. 799, 802 (Civ. App. 1986). As such, California courts have waived similar venue requirements where fairness would so dictate—for instance, when it would be impossible or impracticable to file a writ of mandate in the court where the filer resides. *See, e.g., New York Knickerbockers*, 193 Cal. Rptr. 3d at 292 ("Although Labor Code section 5950 requires a petitioner to file in the district of the petitioner's residence, *when that is not possible*, as in this case, the district of the petitioning carrier's residence is an acceptable venue.") (emphasis added); *Argonaut Ins. Co. v. Workmen's Comp. App. Bd.*, 55 Cal. Rptr. 810, 810 (Civ. App. 1967) (excusing Section 5950's requirement

that writs of mandamus be filed in an appellate court in the district where the petitioner resides where "the employer, the injured employee, and the local office of petitioner are all located within this district"). Bulkley's argument that personal jurisdiction must exist in this Court since it resides in Texas fails as a result. This is especially true since the California Public Entities have made clear that they are open to suit in any court allowed by California's general venue statute. *See People v. Simon*, 25 P.3d 598, 609 (Cal. 2001) ("It is . . . well established that a defendant's right to be tried in the venue authorized by statute is a right that is subject to waiver by the defendant.").

Section 6627 does not allow the Court to exercise personal jurisdiction over the California Public Entities for these reasons.

## II. Traditional Personal Jurisdiction Analysis

This motion thus turns on whether the traditional personal jurisdiction analysis allows Bulkley to file a writ of mandate in a Texas federal court. A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

### a. The Texas Long-Arm Statute

Although "[t]he Texas long-arm statute . . . normally generates an inquiry limited to the scope of the Fourteenth Amendment's Due Process Clause," the Fifth Circuit has found it "helpful" to consider the long-arm statute's reach when considering challenges against out-of-state government actors. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008). This is because the Texas long-arm statute ordinarily would not reach these parties. The Texas long-arm

statute reaches "nonresident[s]" who conduct "business in this state." TEX. CIV. PRAC. & REM. CODE § 17.042. And a "nonresident includes: (1) an individual who is not a resident of this state; and (2) a foreign corporation, joint-stock company, association, or partnership." *Id.* The California Public Entities are neither individuals nor one of any of the private entities the Texas long-arm statute reaches. *See Stroman*, 513 F.3d at 482–83 (finding that an "individual who is not a resident of this state" does not reach a state agent "acting in and . . . sued in her official capacity for enforcing Arizona statutes").[5] The Texas Long Arm Statute does not reach the California Public Entities as a result—even assuming that the California Public Entities have conducted business in the state by adjudicating a case based on the violation of California laws. *See id.* at 483 (suggesting that the faithful enforcement of state statutes may not constitute conducting business in the state).

### b. Due Process Under the United States Constitution

The Court also lacks personal jurisdiction under the traditional due process analysis since the California Public Entities lack any meaningful contacts with the state. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

---

[5] *See also United States v. Ferrara*, 54 F.3d 825, 831 (D.C. Cir. 1995) (finding that a state official sued in her official capacity should be treated as a state, which was found not to be a "person" under a similarly worded long-arm statute); *Sullivan v. Office of Tex. Attorney Gen.*, No. EP-18-CV-303-PRM, 2019 WL 1598222, at *2 (W.D. Tex. Apr. 15, 2019) (finding that personal jurisdiction was lacking "over Arizona officers" on the same basis); *Berry College, Inc. v. Rhoda*, No. 4:13-cv-115-HLM, 2013 WL 12109374, at *5 (N.D. Ga. June 12, 2013) (finding a lack of personal jurisdiction over an individual sued in her official capacity based on a similarly worded long-arm statute).

Bulkley does not contend that the Court can exercise general jurisdiction over the California Public Entities. The question, then, is whether specific jurisdiction exists over this case. Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King Corp.*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id*.

The Supreme Court's decision in *Walden v. Fiore* is illustrative. 571 U.S. 277 (2017). In that case, three Georgia law enforcement officers seized $97,000 from a pair of professional gamblers (the "Gamblers") at an Atlanta airport citing concerns that they obtained the money illegally. The Gamblers alleged that, after seizing the cash, one officer (the "Officer") helped prepare a false and misleading affidavit to show that there was probable cause to justify the forfeiture. After the cash was returned to them, the Gamblers brought a *Bivens* suit in the District

10

of Nevada seeking money damages for violations of their Fourth Amendment Rights. The District Court would dismiss the action for lack of personal jurisdiction since the Officer's "search of [the Gamblers] and his seizure of the cash in Georgia did not establish a basis to exercise personal jurisdiction in Nevada," and the Supreme Court agreed. *Id.* at 281. The Supreme Court reasoned that, even if the Officer could reasonably foresee that the Gamblers would suffer injury in Nevada, "no part of [his] conduct occurred in [that state]." *Id.* at 288. After all, the Gamblers alleged that the Officer "approached, questioned, and searched respondents, and seized the cash at issue, in the Atlanta airport" and that he "helped draft a 'false probable cause affidavit' in Georgia and forwarded that affidavit to a United States Attorney's Office in Georgia." *Id.* The Officer did not "travel[] to, conduct[] activities within, contact[] anyone in, or sen[d] anything or anyone to Nevada." *Id.* at 289. The Supreme Court added that, although some of "the cash seized in Georgia 'originated' in Nevada, . . . that attenuated connection was not created by petitioner, and the cash was in Georgia, not Nevada, when [the Officer] seized it." *Id.* at 290. The Court consequently concluded that, "when viewed through the proper lens—whether the *defendant's* actions connect him to the *forum*—[the Officer] formed no jurisdictionally relevant contacts with Nevada." *Id.*

This case is substantially similar. The California Public entities issued and/or upheld three citations for the violation of California law after a Bulkley delivery driver suffered an injury while on the job in California. They did not travel to Texas, conduct activities in the state, or purposely reach out to Texas in any meaningful way.

Bulkley insists otherwise. It contends that California Public Entities penalized Bulkley for its work rules and procedures, which were created and implemented in Texas, by citing them for: (1) failing to timely report the injury to the appropriate California authority; (2) failing to develop and implement an "Injury and Illness Prevention Program" for the State of California; and (3)

failing to require what California believes is appropriate foot protection for drivers working at customer locations and climbing in and out of refrigerated trailers (Dkt. #9 at p. 5). But these are the type of random, fortuitous, plaintiff-centric contacts the Supreme Court has long found insufficient to establish personal jurisdiction over a defendant. The California Public Entities fault Bulkley for its work rules only to the extent that those rules endangered a Bulkley delivery driver while he was in California. The citations were not directed at Bulkley because of its presence in Texas. In short, the Court cannot impute contacts that were entirely created by Bulkley to the California Public Entities. *See Walden*, 571 U.S. at 291 ("Respondents allege that some of the cash seized in Georgia 'originated' in Nevada, but that attenuated connection was created by petitioner."); *Demolition Contracting & Disposal v. Beauticontrol, Inc.*, No. 4:18-cv-270, 2018 WL 5263258, at *3 (E.D. Tex. Oct. 23, 2018) (quoting *Burger King Corp.*, 471 U.S. at 475) ("Adams and B.T. Equipment only made contact with Texas, through one wire transfer, because Demolition Contracting happened to allegedly contract with Beauticontrol, instead of a different seller in any other state. This is precisely the type of 'random, fortuitous, or attenuated' connection that make the exercise of personal jurisdiction improper.") (footnotes omitted).

The California Public Entities have not purposely directed the minimum contacts necessary for the Court to exercise personal jurisdiction over this action—even accepting Bulkley's allegations as true.[6]

## CONCLUSION

Accordingly, Defendants' Amended Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #12) is **GRANTED**, and the Occupational Safety and Health Appeals Board of the State of

---

[6] The Court therefore does not address the Parties' arguments on whether litigating this case in Texas would offend notions of fair play and substantial justice.

California; and the State of California Department of Industrial Relations, Division of Occupational Safety and Health are hereby **DISMISSED** for lack of personal jurisdiction.

The Clerk of the Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**SIGNED this 7th day of June, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE